

Daniel Cooper (State Bar No. 153576)
Drevet Hunt (State Bar No. 240487)
LAWYERS FOR CLEAN WATER, INC.
1004 A O'Reilly Avenue
San Francisco, California 94129
Telephone: (415) 440-6520
Facsimile: (415) 440-4155
e-mail: cleanwater@sfo.com, drev@lawyersforcleanwater.com

Christopher Sproul (State Bar No. 126398)
ENVIRONMENTAL ADVOCATES
5135 Anza Street
San Francisco, California 94121
Telephone: (415) 533-3376
Facsimile: (415) 561-2223(415) 358-5695
e-mail: csproul@enviroadvocates.com

Counsel for Plaintiff
KLAMATH RIVERKEEPER

COPY

ORIGINAL
FILED
JUL 3 0 2007
E-filing
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C 07 3908 JL

| | |
|---|---|
| KLAMATH RIVERKEEPER, a project of the Klamath Forest Alliance, a non-profit public benefit corporation organized under the laws of the State of California,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, STEPHEN L. JOHNSON, as Administrator of the United States Environmental Protection Agency, and WAYNE NASTRI, as Regional Administrator of the United States Environmental Protection Agency, Region 9,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>(Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.*) |

Klamath Riverkeeper (hereinafter "Riverkeeper" or "Plaintiff"), by and through its counsel, hereby allege:

## INTRODUCTION

1. Plaintiff brings this action under the Administrative Procedure Act ("APA") provisions that permit aggrieved parties to seek judicial review of federal agency actions, 5 U.S.C. § 702 and 5 U.S.C. § 706. Plaintiff seeks relief from conduct by Defendants' United States Environmental Protection Agency; Stephen L. Johnson, Administrator of the United States Environmental Protection Agency, and Wayne Nastri, Regional Administrator of the United States Environmental Protection Agency, Region 9 (collectively, "EPA" or "Defendants") that is arbitrary, capricious and otherwise contrary to the legal requirements of the Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 *et seq.* ("Clean Water Act" or "CWA"). Specifically, Plaintiff alleges that Defendants' approval of an appropriate CWA § 303(d) list of water quality limited segments and associated pollutants/pollution for California ("California 303(d) List") was arbitrary, capricious and otherwise contrary to the legal requirements of the CWA by failing to identify portions of the Klamath River and the Iron Gate and Copco Reservoirs as impaired with the source of impairment as the pollutants *Microcystis aeruginosa* and microcystin toxin.

## JURISDICTION

2. This Court has subject matter jurisdiction over the claims set forth in this Complaint pursuant to 28 U.S.C. § 1331 (an action for declaratory, injunctive and other relief arising under the Constitution and laws of the United States) because this case involves a civil action arising under the laws of the United States, specifically 5 U.S.C. § 702, which authorizes any person aggrieved by an agency action under a relevant statute to seek judicial review; and 5 U.S.C. § 706, which authorizes a reviewing court to compel an agency to take an action that has been unlawfully withheld or unreasonably delayed, and to set aside agency actions that are found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

3. Plaintiff and its members are aggrieved by the EPA's failure to adopt an amended California 303(d) List. Plaintiff and its members use the Klamath River waters and the Iron Gate and Copco Reservoirs for fishing, body contact water sports and other forms of recreation, scientific observation,

aesthetic enjoyment, educational study, and spiritual contemplation. Defendants' failure to include these waterways as impaired and identify *Microcystis aeruginosa* and microcystin toxin as the source of impairment adversely affects Plaintiff's and its members' use and enjoyment of these waters. In particular, since *Microcystis aeruginosa* and microcystin toxin are not identified, the agencies responsible for regulating discharges of pollutants to these waterways are less likely to include appropriate limitations and pollution control requirements to minimize or eliminate *Microcystis aeruginosa* and microcystin toxin in the Klamath River and Iron Gate and Copco Reservoirs. Without these necessary pollution control requirements, Plaintiff and its members are more likely to suffer injury caused by the presence of *Microcystis aeruginosa* and microcystin toxin in the Klamath River and Iron Gate and Copco Reservoirs.

4. This Court has personal jurisdiction over the United States Environmental Protection Agency, and the Administrator and Regional Administrator of the United States Environmental Protection Agency. EPA is a federal agency established by the government of the United States. The main EPA office for EPA Region 9, which has jurisdiction over the states of California, Hawaii, Arizona, and Nevada and certain federal territories, is located in the City and County of San Francisco.

## VENUE

5. Venue in the United States District for the Northern District of California is proper under 28 U.S.C. § 1391(e) because defendant EPA's main office for EPA Region 9 is located at 75 Hawthorne Street, San Francisco, California. In addition, EPA's misconduct in failing to list the Klamath River and Iron Gate and Copco Reservoirs as impaired by *Microcystis aeruginosa* and microcystin toxin has caused injury to Plaintiff by leading to the improper and unduly lenient regulation of pollutant discharges located within the Northern District of California.

## INTRADISTRICT ASSIGNMENT

6. Intradistrict assignment of this matter to the San Francisco Division of the Court is appropriate pursuant to Civil Local Rule 3-2(c) in that the sole California office of the agency responsible for the events or omissions which give rise to Plaintiff's claims (EPA failure to adopt an amended California 303(d) List) is located in San Francisco. In addition, counsel for Plaintiff is located in San Francisco.

## THE PARTIES

7. Riverkeeper is a regional non-profit public benefit corporation organized under the laws of the State of California. Riverkeeper's members recreate throughout the Klamath River watershed and engage in fishing, hiking, boating, observing wildlife, aesthetic enjoyment, educational study, and spiritual contemplation. Members of Riverkeeper use Klamath River waters both within and downstream of the Iron Gate and Copco Reservoirs. Since its formation, Riverkeeper has been directly involved in numerous water quality proceedings regarding the Klamath River, including Total Maximum Daily Load development for the river as well as its tributaries. Riverkeeper's main office is in Orleans, California.

8. As a result of the acts and omissions of Defendants alleged herein, Plaintiff and its members have suffered and will continue to suffer injuries to their aesthetic, environmental, and economic interests in enjoying and using the subject waterways.

9. Defendant United States Environmental Protection Agency is the agency of the United States government responsible for administering and implementing the CWA and a federal agency within the meaning of 16 U.S.C. § 1456.

10. Defendant Steven Johnson, Administrator of EPA, is charged under 33 U.S.C. § 1313(d)(2) with the oversight of EPA decisions and actions affecting California's submissions of the California 303(d) List, and is sued in his official capacity only. If ordered by the court, Mr. Johnson has the authority and ability to remedy the harm inflicted by Defendants' actions.

11. Defendant Wayne Nastri, Regional Administrator of EPA Region 9, is charged under 40 C.F.R. § 130.7(d) with the oversight of EPA decisions and actions affecting California's submissions of water quality standards and is sued in his official capacity only. If ordered by the court, Mr. Nastri has the authority and ability to remedy the harm inflicted by Defendants' actions.

## STATUTORY BACKGROUND

12. The CWA was enacted to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters" and to achieve "water quality which provides for the protection and propagation of fish, shellfish, and wildlife, and provides for recreation in and on the water." 33 U.S.C. §§ 1251(a), (a)(2).

13. To accomplish these goals, the CWA requires states to adopt and submit to EPA for approval a list of waters within its boundaries for which technology-based effluent limitations required by 33 U.S.C. § 1311(b)(1)(A) and (B) are not stringent enough to implement applicable Water Quality Standards ("WQS"). *See* 33 U.S.C. § 1313(d)(1)(A).

14. CWA § 303(d)(2) requires EPA to approve or disapprove a State's list of such WQS impaired waters "not later than thirty days after submission." 33 U.S.C. § 1313(d)(2). CWA § 303(d) further provides that if EPA partially disapproves any such State list, EPA "shall not later than thirty days after the date of disapproval" adopt such supplemental list as EPA "determines necessary to implement [applicable] water quality standards." *Id.*

15. Under 40 C.F.R. § 130.7(b)(1), (3) and (d), EPA must include in 303(d) lists all water bodies that fail to meet "any water quality standard," including narrative standards. In addition, 40 C.F.R. § 130.7(b)(4) requires EPA to "identify the pollutants causing or expected to cause violations of the applicable water quality standard" in the 303(d) list. Thus, EPA has a duty to determine that it is necessary to supplement a State's 303(d) list by adding to these lists water bodies failing to meet any WQS and identifying the pollutants causing these water bodies to fail to meet these WQS to the extent that the State 303(d) list has omitted this information. EPA must complete these duties within the above-specified deadlines.

**FACTUAL BACKGROUND**

16. Plaintiff provided information regarding the presence of *Microcystis aeruginosa* and microcystin toxin in the Klamath River and Iron Gate and Copco Reservoirs to the Regional Water Quality Control Board for the North Coast Region ("Regional Board") during the public comment period associated with preparation of the California 303(d) List. Specifically, Plaintiff provided written comments and oral testimony during the administrative process leading up to the Regional Board's submission of the waters within its jurisdiction that met the criteria to require inclusion on the California 303(d) List. Plaintiff commented to the Regional Board that the Klamath River and Iron Gate and Copco Reservoirs should be listed and that *Microcystis aeruginosa* and microcystin toxin should be identified as pollutants causing the failure of these waters to meet applicable WQS. The Regional Board submitted its proposal of waters to be included on the California 303(d) List to the

State Water Resources Control Board ("State Board") without including *Microcystis aeruginosa* and microcystin toxin as sources of the impairment of the Klamath River and the Iron Gate and Copco Reservoirs.

17. On November 24, 2006 the State Board submitted the 2004-2006 iteration of the California 303(d) List to Region 9 for approval pursuant to CWA § 303(d)(1)(A), 33 U.S.C. § 1313(d)(1)(A). After receiving the California 303(d) list on November 24, 2006, EPA had a duty under CWA § 303(d)(2) to approve or disapprove the list "not later than thirty days after submission." 33 U.S.C. § 1313(d)(2).

18. EPA has delegated authority to approve 303(d) list submittals from the State of California to the Director of EPA Region 9's Water Division ("Director"). In a letter dated November 30, 2006 ("November 2006 Letter)" to the State Board, the Director partially approved the State's inclusion of all waters and pollutants identified in its three part Section 303(d) list.

19. In a letter dated March 8, 2007 ("March 2007 Letter") to the State Board, the Director partially disapproved the California 303(d) List due to omission of several water bodies and associated pollutants that failed to meet federal listing requirements.

20. Riverkeeper wrote a comment letter to EPA on April 13, 2007 ("April 2007 Letter") concerning EPA approval of the California 303(d) List, referred to in EPA's Federal Register Notice, 72 Fed. Reg. 12175 (March 15, 2007). Riverkeeper presented EPA with evidence that the Klamath River and the Iron Gate and Copco Dam Reservoirs are failing to attain applicable WQS set forth in the Regional Board's Water Quality Control Plan for the North Coast Region ("the Basin Plan") due to contamination with *Microcystis aeruginosa* and microcystin toxin.

21. Specifically, the April 2007 Letter provided information demonstrating that the presence of *Microcystis aeruginosa* and microcystin toxin in the Klamath River and the Iron Gate and Copco Dam Reservoirs cause these water bodies not to meet Basin Plan water quality objectives[1] for toxicity, color, floating material, suspended material biostimulatory substances, and odors. The provided information further demonstrated that the presence of *Microcystis aeruginosa* and microcystin toxin in the Klamath

---

[1] Water quality objectives in the Basin Plan are "water quality standards" as that term is used for purposes of the Clean Water Act and "satisfy all state and federal requirements." Basin Plan at 3-1.00.

River and the Iron Gate and Copco Reservoirs cause these water bodies to fail to meet designated beneficial uses including Native American cultural use, water contact recreation, non-contact water recreation, commercial and sportfishing, subsistence fishing, warm freshwater habitat, cold freshwater habitat, wildlife habitat, habitat for rare, threatened, or endangered species;,migration of aquatic organisms, and spawning, reproduction, or early development.

22. Riverkeeper stated that based on this evidence, EPA was obligated to amend the California 303(d) List to add the Klamath River and the Iron Gate and Copco Dam Reservoirs as failing to meet applicable WQS.

23. In the April 2007 Letter, Riverkeeper urged EPA to specify *Microcystis aeruginosa* and microcystin toxin among the "pollutants" that are causing these waters not to meet these Basin Plan WQS. Riverkeeper noted that 40 C.F.R. § 130.7(b)(4) requires the States and/or EPA to "identify the pollutants causing or expected to cause violations of the applicable water quality standard." *Microcystis aeruginosa* and microcystin toxin are well-documented to be the "pollutants" that are causing these waters not to meet the water quality standards identified in paragraph 21 above.

24. *Microcystis aeruginosa* and microcystin toxin are "pollutants" within the meaning of the CWA. *See* 33 U.S.C. § 1362(6) (pollutant includes "biological materials"); *National Wildlife Fed. v. Consumers Power Co.*, 862 F.2d 580, 583 (6th Cir. 1988); *United States v. Hamel*, 551 F.2d 107 (6th Cir. 1977).

25. In a letter dated June 28, 2007 ("June 2007 Letter") to the State Board, the Director finalized the list of waters and pollutants the EPA added to California's 303(d) List. The list did not identify the Klamath River and the Iron Gate and Copco Dam Reservoirs as impaired due to the contamination of these water bodies by elevated levels *Microcystis aeruginosa* and microcystin toxin. The California 303(d) List did identify the Klamath River and its reaches that include the Iron Gate and Copco Reservoirs as impaired due nutrients, dissolved oxygen, and temperature.

26. In the June 2007 Letter, EPA recognized the presence of *Microcystis aeruginosa* and microcystin toxin in the Klamath River and the Iron Gate and Copco Reservoirs poses adverse public health and environmental risks. June 2007 Letter at 7.

27. In determining in the June 2007 Letter not to list the Klamath River and the Iron Gate and Copco Reservoirs as impaired by *Microcystis aeruginosa* and microcystin toxin, EPA did not explain why or how the *Microcystis aeruginosa* and microcystin toxin are not among the pollutants that cause the Klamath River and the Iron Gate and Copco Reservoirs to fail to meet applicable WQS.

28. EPA further stated in the June 2007 Letter it was "not taking a position at this time on ... whether there may be applicable state water quality standards related to the presence of blue green algae." *Id.* at 10.

29. Finally, the June 2007 Letter stated "EPA's approval of California's determination not to add to its list of pollutants impairing the Klamath River, and the Iron Gate and Copco Reservoirs, should not be construed as a suggestion by EPA that the public health and environmental impacts associated with blue green algae or *Microsystis aeruginosa* in the Klamath River are trivial or need not be addressed." *Id.* at 11.

**FIRST CLAIM FOR RELIEF**

Violation of the APA
5 U.S.C. §§ 706(1) and (2)
Request for Declaratory Relief and Injunction to Compel EPA to Amend the California 303(d) List

30. Plaintiff reasserts and realleges paragraphs 1 through 29 above.

31. On June 28, 2007, Defendants improperly failed to amend the California 303(d) List to add that the Klamath River and the Iron Gate and Copco Reservoirs are failing to attain applicable WQS set forth in the Basin Plan due to the contamination of these waters with the pollutants *Microcystis aeruginosa* and microcystin toxin.

32. By approving the California 303(d) List but failing to include the Klamath River and the Iron Gate and Copco Reservoirs as failing to attain applicable WQS set forth in the Basin Plan due to the contamination of these waters with *Microcystis aeruginosa* and microcystin toxin, Defendants have violated the CWA and have acted in a manner that is arbitrary, capricious, an abuse of discretion, and otherwise contrary to law, in violation of the APA, 5 U.S.C. § 706(2).

**REMEDY**

33. Plaintiff has no plain, speedy, and adequate remedy, in the ordinary course of law, other than the relief sought in this Complaint, because there is no other mechanism for compelling EPA to

take the action necessary under the CWA to amend the California 303(d) List to include the Klamath River and the Iron Gate and Copco Reservoirs as failing to attain applicable WQS set forth in the Basin Plan due to the contamination of these waters with elevated levels of the pollutants *Microcystis aeruginosa* and microcystin toxin.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks the following relief:

34. An injunction pursuant to 5 U.S.C. §§ 706(1) and (2) ordering Defendants to set aside their approval of the California 303(d) List;

35. A declaratory judgment pursuant 5 U.S.C. § 2201 and the APA, 5 U.S.C. § 706(2), establishing that EPA must amend the California 303(d) List to include the Klamath River and the Iron Gate and Copco Reservoirs as failing to attain applicable WQS set forth in the Basin Plan due to the contamination of these waters with elevated levels of the pollutants *Microcystis aeruginosa* and microcystin toxin;

36. An award of attorneys fees and costs to the Plaintiff pursuant to the APA, 5 U.S.C. § 504; and

37. Such other and further relief as this Court deems just and proper.

Respectfully submitted this July 27, 2007.

Daniel Cooper
Drevet Hunt
Lawyers for Clean Water, Inc.

Christopher Sproul
Environmental Advocates

Attorneys for Plaintiff
Klamath Riverkeeper

**DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Based on Plaintiff's knowledge to date, pursuant to Civil Local Rule 3-16, the undersigned certifies that, as of this date, other than the named parties, there is no such interest to report.

Daniel Cooper
Drevet Hunt
Lawyers for Clean Water, Inc.