SCOTT N. SCHOOLS
United States Attorney

CHARLES M. O'CONNOR (CA Bar No. 56320)
Assistant United States Attorney
450 Golden Gate Ave., 10th Floor
San Francisco, California 94102
Tel:     (415) 436-7180

RONALD J. TENPAS
Acting Assistant Attorney General
Environment & Natural Resources Division

ROCHELLE L. RUSSELL (CA Bar No. 244992)
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
Tel:     (202) 514-1950
Fax:     (202) 514-8865
Email: rochelle.russell@usdoj.gov
*Counsel for Defendants EPA, Johnson, and Nastri*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| KLAMATH RIVERKEEPER, a project of the Klamath Forest Alliance, a non-profit public benefit corporation organized under the laws of the State of California, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, STEPHEN L. JOHNSON, as Administrator of the United States Environmental Protection Agency, WAYNE NASTRI, as Regional Administrator of the United States Environmental Protection Agency, Region 9, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

Civil Case No.  C 07-3908 SBA

**ANSWER**

Defendants United States Environmental Protection Agency, Stephen L. Johnson, Administrator, and Wayne Nastri, Regional Administrator (collectively "EPA"), by and through the undersigned counsel, hereby answer Plaintiff's Complaint ("Complaint").

## GENERAL DENIAL

Except as expressly admitted herein, EPA denies each and every allegation in the Complaint.

## SPECIFIC RESPONSES

EPA responds to the correspondingly numbered paragraphs of the Complaint as follows:

## INTRODUCTION

1.      The allegations contained in Paragraph 1 consist of Plaintiff's characterization of its claim and legal conclusions, to which no response is required.

## JURISDICTION

2.      The allegations contained in Paragraph 2 constitute legal conclusions, to which no response is required.

3.      The allegations contained in the first, third, fourth and fifth sentences of Paragraph 3 constitute legal conclusions, to which no response is required.  To the extent these sentences contain factual allegations, EPA lacks sufficient information to form a belief as to the truth or falsity of those allegations, and on that basis denies them.  EPA lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in the second sentence of Paragraph 3, and on that basis denies them.

4.      The allegations contained in the first sentence of Paragraph 4 constitute legal conclusions, to which no response is required.  EPA admits the second and third sentences of Paragraph 4.

## VENUE

5.      EPA admits that the main office for Region 9 is located at 75 Hawthorne Street, San Francisco, California.  The remaining allegations in Paragraph 5 constitute legal conclusions, to which no response is required.

//

1

## INTRADISTRICT ASSIGNMENT

2    6.    The allegations contained in Paragraph 6 constitute legal conclusions, to which no

3    response is required.

4

## THE PARTIES

5    7.    EPA is without sufficient information to form a belief as to the truth or falsity of

6    the allegations contained in Paragraph 7, and on that basis denies them.

7    8.    The allegations contained in Paragraph 8 constitute legal conclusions, to which no

8    response is required.  To the extent this paragraph contains factual allegations, EPA lacks

9    sufficient information to form a belief as to the truth or falsity of those allegations, and on that

10    basis denies them.

11    9.    The allegations contained in Paragraph 9 constitute legal conclusions, to which no

12    response is required.  EPA avers that it is one of several agencies responsible for administering

13    and implementing the Clean Water Act.

14    10.    The allegations contained in Paragraph 10 constitute legal conclusions, to which

15    no response is required.

16    11.    The allegations contained in Paragraph 11 constitute legal conclusions, to which

17    no response is required.

18

## STATUTORY BACKGROUND

19    12.    The allegations contained in Paragraph 12 characterize portions of the Clean

20    Water Act, which speaks for itself, and therefore no response is required.

21    13.    The allegations contained in Paragraph 13 characterize portions of the Clean

22    Water Act, which speaks for itself, and therefore no response is required.  To the extent the

23    allegations contained in this paragraph constitute legal conclusions, no response is required.

24    14.    The allegations contained in Paragraph 14 characterize portions of the Clean

25    Water Act, which speaks for itself, and therefore no response is required.  To the extent the

26    allegations contained in this paragraph constitute legal conclusions, no response is required.

27    15.    The allegations contained in Paragraph 15 characterize portions of the Clean

28    Water Act's implementing regulations, which speak for themselves, and therefore no response is

1   required.  To the extent the allegations contained in this paragraph constitute legal conclusions,

2   no response is required.

3   **FACTUAL BACKGROUND**

4   16.     EPA avers that Plaintiff provided written comments and oral testimony during the

5   administrative process of the California State Water Resources Control Board associated with the

6   preparation of the 2006 Clean Water Act Section 303(d) list of water quality limited segments for

7   California.  As to the remaining allegations contained in Paragraph 16, EPA lacks sufficient

8   information to form a belief as to the truth or falsity of those allegations, and on that basis denies

9   them.

10  17.     EPA admits that on November 24, 2006, the California State Water Resources

11  Control Board submitted to EPA Region 9 for approval a 2006 Clean Water Act Section 303(d)

12  list of water quality limited segments for California.  The remaining allegations contained in

13  Paragraph 17 constitute legal conclusions, to which no response is required.

14  18.     EPA admits the allegations contained in the first sentence of Paragraph 18.  The

15  allegations contained in the second sentence of this paragraph characterize a letter by EPA dated

16  November 30, 2006.  This document speaks for itself, and therefore no response is required.

17  19.     The allegations contained in Paragraph 19 characterize a letter by EPA dated

18  March 8, 2007.  This document speaks for itself, and therefore no response is required.

19  20.     The allegations contained in Paragraph 20 characterize a letter by Plaintiff dated

20  April 13, 2007, a Federal Register Notice by EPA dated March 15, 2007, and the North Coast

21  Regional Water Quality Control Board's Basin Plan.  These documents speak for themselves,

22  and therefore no response is required.  To the extent the allegations contained in the second

23  sentence of this paragraph constitute legal conclusions, no response is required.

24  21.     The allegations contained in the text of Paragraph 21 characterize Plaintiff's April

25  13, 2007 letter, which speaks for itself, and therefore no response is required.  The allegations

26  contained in the footnote to Paragraph 21 characterize portions of the North Coast Regional

27  Water Quality Control Board's Basin Plan, which speaks for itself, and therefore no response is

28  required.  To the extent the allegations contained in this paragraph constitute legal conclusions,

1  no response is required.

2      22.    The allegations contained in Paragraph 22 characterize Plaintiff's April 13, 2007

3  letter, which speaks for itself, and therefore no response is required.  To the extent the allegations

4  contained in this paragraph constitute legal conclusions, no response is required.

5      23.    The allegations contained in the first and second sentence of Paragraph 23

6  characterize Plaintiff's April 13, 2007 letter, which speaks for itself, and therefore no response is

7  required.  To the extent the allegations contained in the first and second sentences of this

8  paragraph constitute legal conclusions, no response is required.  The allegations contained in the

9  last sentence of this paragraph constitute legal conclusions, to which no response is required.

10      24.    The allegations contained in Paragraph 24 constitute legal conclusions, to which

11  no response is required.

12      25.    The allegations contained in Paragraph 25 characterize a letter by EPA dated June

13  28, 2007, which speaks for itself, and therefore no response is required.

14      26.    The allegations contained in Paragraph 26 characterize a letter by EPA dated June

15  28, 2007, which speaks for itself, and therefore no response is required.

16      27.    The allegations contained in Paragraph 27 characterize a letter by EPA dated June

17  28, 2007, which speaks for itself, and therefore no response is required.  To the extent the

18  allegations contained in this paragraph constitute legal conclusions, no response is required.

19      28.    The allegations contained in Paragraph 28 characterize a letter by EPA dated June

20  28, 2007, which speaks for itself, and therefore no response is required.

21      29.    The allegations contained in Paragraph 29 characterize a letter by EPA dated June

22  28, 2007, which speaks for itself, and therefore no response is required.

23                        **FIRST CLAIM FOR RELIEF**

24      30.    EPA incorporates the previous admissions and denials in Paragraphs 1 through 29

25  above.

26      31.    The allegations contained in Paragraph 31 constitute legal conclusions, to which

27  no response is required.

28  //

1    32.    The allegations contained in Paragraph 32 constitute legal conclusions, to which

2  no response is required.

3                                          **REMEDY**

4    33.    The allegations contained in Paragraph 33 constitute legal conclusions, to which

5  no response is required.

6                                 **PRAYER FOR RELIEF**

7    34 - 37.        The allegations contained in Paragraphs 34 through 37 characterize

8  Plaintiff's prayer for relief, to which no response is required.  To the extent a response is

9  required, EPA denies the allegations in these paragraphs.

10                                        **DEFENSES**

11    1.    Plaintiff's Complaint, in part or in whole, fails to state a claim upon which relief

12  can be granted.

13    2.    The Court lacks subject matter jurisdiction over Plaintiff's Complaint.

14    3.    The United States has not waived sovereign immunity as to some or all of the

15  allegations in Plaintiff's Complaint.

16    4.    Plaintiff lacks standing to assert the allegations made in its Complaint.

17

18                                    Respectfully submitted,

19

20  Dated:   November 5, 2007         RONALD J. TENPAS
                                      Acting Assistant Attorney General
                                      Environment & Natural Resources Division

21

22                                     /s/ Rochelle L. Russell
                                      ROCHELLE L. RUSSELL
23                                    Trial Attorney
                                      U.S. Department of Justice
                                      Environment & Natural Resources Division
24                                    Environmental Defense Section
                                      P.O. Box 23986
25                                    Washington, D.C. 20026-3986
                                      *Counsel for Defendants EPA, Johnson, and Nastri*

26
    OF COUNSEL:
27
    Barbara E. Pace
28  Office of General Counsel
    U.S. EPA
    1200 Pennsylvania Ave., NW (2355A)
    Washington, D.C. 20460

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I certify that on November 5, 2007, a true and correct copy of the foregoing ANSWER was served electronically via the Court's e-filing system to Counsel of Record.

_/s/ Rochelle L. Russell_____
ROCHELLE L. RUSSELL

ANSWER                                                    Case No. C 07-3908 SBA