Daniel Cooper (State Bar No. 153576)
Drevet Hunt (State Bar No. 240487)
LAWYERS FOR CLEAN WATER, INC.
1004 A O'Reilly Avenue
San Francisco, California 94129
Telephone: (415) 440-6520
Facsimile: (415) 440-4155
Email: cleanwater@sfo.com
       drev@lawyersforcleanwater.com

Christopher Sproul (State Bar No. 126398)
ENVIRONMENTAL ADVOCATES
5135 Anza Street
San Francisco, California 94121
Telephone: (415) 533-3376
Facsimile: (415) 358-5695
Email: csproul@enviroadvocates.com

Counsel for Plaintiff
KLAMATH RIVERKEEPER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KLAMATH RIVERKEEPER, a non-profit public benefit corporation organized under the laws of the State of California,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, STEPHEN L. JOHNSON, as Administrator of the United States Environmental Protection Agency, and WAYNE NASTRI, as Regional Administrator of the United States Environmental Protection Agency, Region 9,<br><br>Defendants. | Case No. 3:07-cv-03908-WHA<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Fed. R. Civ. P. 56<br><br>Judge: Honorable William H. Alsup<br>Date:  March 13, 2007<br>Time:  8:00 a.m.<br>Place: Courtroom 9, 19th Floor |

**[PROPOSED] ORDER**

On December 20, 2007 Plaintiff Klamath Riverkeeper moved this Court for summary judgment. The Court having carefully considered the parties' papers and after a hearing held March 13, 2008, GRANTS Plaintiff's motion for summary judgment. The Court finds that Defendants United States Environmental Protection Agency, Stephen Johnson as Administrator of the EPA, and Wayne Nastri, in his official capacity as Regional Administrator for EPA Region IX (collectively "EPA")'s approval of the 2004-2006 iteration of California's CWA 303(d) List of Water Quality Limited Segments ("2006 303(d) List") was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.

Specifically, the EPA failed to consider the relevant factors of whether *Microcystis aeruginosa* and its associated toxin ("*M. aeruginosa and* the toxin") are pollutants and whether these pollutants are causing the portions of the Klamath River referred to in the 2006 303(d) List as the "Klamath River HU, Middle HA, Oregon to Iron Gate," "Klamath River HU, Middle HA, Iron Gate Dam to Scott River," and "Klamath River HU, Middle HA, Scott River to Trinity River" ("the Reach") not to attain applicable water quality standards ("WQS") set forth in the North Coast Regional Water Quality Control Board's Water Quality Control Plan for the North Coast Region ("the Basin Plan"). EPA's regulations expressly require EPA to consider both these questions when evaluating and approving the 2006 303(d) List. *See* 40 C.F.R. § 130.7(b)(1), (b)(4), and (d)(2). The core of the 303(d) List approval task faced by EPA was to answer the very questions that EPA expressly declined to resolve. EPA's failure to determine whether *M. aeruginosa* and the toxin are pollutants and whether there are applicable WQS sufficiently related to these pollutants such that these pollutants could be found to be causing the Reach to fail to meet WQS plainly constitutes agency failure to consider essential aspects of a problem, rendering EPA's action arbitrary and capricious under the APA. *See Natural Resources Defense Council v. United States Dep't of Interior*, 113 F.3d 1121, 1124 (9th Cir. 1997) (agency must base its decision on consideration of relevant factors).

In addition, EPA's decision to rely on "other actions" being taken to address the violations of WQS caused by *M. aeruginosa* and the toxin to justify not identifying these pollutants on the 2006 303(d) List was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the

1  law.  EPA regulations mandate that a State's 303(d) List must identify all waters for which effluent

2  limitations or other pollution control measures "required by" the CWA, local, State, or other federal

3  law are not stringent enough to ensure attainment of any applicable WQS.[1]  The "other actions" relied

4  upon by EPA do not impose any enforceable measures pursuant to the CWA, local, State, or other

5  Federal law to control the *M. aeruginosa* and the toxin in the Reach.  The fact that the "other actions"

6  relied upon by EPA in approving the 2006 303(d) List are not enforceable pollution control measures

7  "required by" law makes EPA reliance on them arbitrary, capricious, an abuse of discretion, and

8  otherwise not in accordance with the law.

9       Based on the foregoing, the Court sets aside EPA's approval of the 2006 303(d) List.  Further,

10  the Court remands the approval to EPA with directions to take final action on approval of the 2006

11  303(d) List in accord both with the time deadlines established in CWA § 303(d)(2) and 40 C.F.R. §

12  130.7(d)(2) for EPA's review and approval of a State's submission of a 303(d) List and the substantive

13  requirements for EPA action.  Specifically, the Court orders EPA to issue a new decision disapproving

14  the State's submitted 2006 303(d) List within thirty days of the Court's order setting aside EPA's

15  approval of the 2006 303(d) List.  *See* 33 U.S.C. § 1313(d)(2); 40 C.F.R. § 130.7(d)(2) (establishing

16  thirty day deadlines for EPA to approve or disapprove a submitted State 303(d) List).  The Court

17  further directs EPA, within sixty days of the Court's order, to issue a revised 2006 303(d) List that

18  identifies *M. aeruginosa* and the toxin as pollutants causing the Reach not to meet narrative WQS.  *See*

19  *id.* (establishing additional an thirty day deadline for EPA to issue its own 303(d) List after

20  disapproving a State's submitted 303(d) List).

21    The Court further declares: (1) that *M. aeruginosa* and the toxin are "pollutants" for purposes of

22  California's 303(d) List, (2) that 40 C.F.R. § 130.7(b)(4) requires California and ultimately EPA to

---

[1] In full, 40 C.F.R. § 130.7(b)(1) provides "Each State shall identify those water quality limited segments still requiring TMDLs within its boundaries for which: (i) technology based effluent limitations *required by* sections 301(b), 306, 307, or other sections of the Act; (ii) more stringent effluent limitations (including prohibitions) *required by* either State or local authority preserved by section 510 of the Act, or Federal authority (law, regulation, or treaty); and (iii) other pollution control requirements (e.g., best management practices *required by* local, State, or Federal authority are not stringent enough to implement any water quality standards (WQS) applicable to such waters." (Emphasis added).

1  include in California's 303(d) List all pollutants that are causing or expected to cause an exceedance of
2  WQS in the Reach, including the Reach's designated uses and the narrative water quality criteria for
3  the Reach set forth in the Basin Plan, and (3) that the only conclusion which would not be arbitrary and
4  capricious given EPA's Administrative Record would be that the presence of *M. aeruginosa* and the
5  toxin is causing the Reach not to meet the Basin Plan's WQS.

6  **IT IS SO ORDERED.**

7  Dated:

8  William H. Alsup
   United States District Court Judge
   for the Northern District of California