SCOTT N. SCHOOLS
United States Attorney
CHARLES M. O'CONNOR (CA Bar No. 56320)
Assistant United States Attorney
450 Golden Gate Ave., 10th Floor
San Francisco, California 94102
Tel:    (415) 436-7180

RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division

ROCHELLE L. RUSSELL (CA Bar No. 244992)
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
Tel:    (202) 514-1950
Fax:    (202) 514-8865
Email:  rochelle.russell@usdoj.gov
*Counsel for Defendants EPA, Johnson, and Nastri*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KLAMATH RIVERKEEPER, a project of the Klamath Forest Alliance, a non-profit public benefit corporation organized under the laws of the State of California,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, STEPHEN L. JOHNSON, as Administrator of the United States Environmental Protection Agency, WAYNE NASTRI, as Regional Administrator of the United States Environmental Protection Agency, Region 9,<br><br>Defendants. | Civil Case No. C 07-3908 WHA<br><br>**STIPULATION AND [PROPOSED] ORDER TO REMAND THE CHALLENGED AGENCY DECISION, VACATE THE BRIEFING SCHEDULE, AND STAY THE CASE** |

WHEREAS Plaintiff Klamath Riverkeeper challenges the decision of Defendants United States Environmental Protection Agency; Stephen L. Johnson, as Administrator of the United States Environmental Protection Agency; and Wayne Nastri, as Regional Administrator of the United States Environmental Protection Agency, Region IX (collectively, "EPA" or "Agency"), not to disapprove the State of California's decision not to list the Klamath River and its reaches that include the Iron Gate and Copco Dam reservoirs as impaired due to *Microcystis aeruginosa* ("blue green algae") and microcystin toxin in the 2006 Clean Water Act Section 303(d) List of Water Quality Limited Segments for California ("2006 303(d) List");

WHEREAS EPA has since re-examined the record relating to the State of California's applicable water quality standards and re-examined the designated uses for the Klamath River and Iron Gate and Copco Dam reservoirs, including but not limited to Native American cultural uses and subsistence fishing;

WHEREAS EPA, in considering this particular combination of designated uses and the State of California's narrative water quality criterion for toxicity, and in considering the unique listing circumstances of this case and the particular water bodies involved, now believes that a reconsideration of its decision not to disapprove the State of California's decision not to list portions of the Klamath River that include the Iron Gate and Copco Dam reservoirs as impaired due to microcystin toxin is warranted;

WHEREAS EPA intends to reconsider and issue a new decision on the microcystin toxin listing issue not later than sixty (60) days after the date of this Court's order granting the parties' remand and stay request, in accordance with the time lines set forth in 33 U.S.C. § 1313(d)(2);

WHEREAS the Regional Administrator for EPA Region IX intends to issue a public notice seeking comment on such listing decision and to consider the public comment and make any appropriate revisions after the close of the public comment period, in accordance with EPA regulations at 40 C.F.R. 130.7(d)(2);

WHEREAS EPA and Plaintiff believe that the Agency's new listing decision concerning the microcystin toxin may altogether resolve the issues raised by Plaintiff in its complaint and

1  summary judgment motion, thereby precluding the need for further briefing by the parties and
2  adjudication of the issues by the Court;

3      WHEREAS Plaintiff intends to stipulate to a dismissal of this action with prejudice
4  pursuant to Fed. R. Civ. P. 41(a)(1)(ii) if EPA's new listing decision includes the listing of
5  portions of the Klamath River that include the Iron Gate and Copco Dam reservoirs (and that are
6  currently referred to in California's 2006 Section 303(d) List as the "Klamath River HU, Middle
7  HA, Oregon to Iron Gate," "Klamath River HU, Middle HA, Iron Gate Dam to Scott River," and
8  "Klamath River HU, Middle HA, Scott River to Trinity River") as not meeting various designated
9  uses or water quality criteria in the North Coast Regional Water Quality Control Board's Water
10 Quality Control Plan for the North Coast Region ("the Basin Plan") due to microcystin toxin and
11 if the parties agree to or the Court otherwise orders payment of the Plaintiff's reasonable attorneys
12 fees and costs incurred in this action;

13     WHEREAS EPA and Plaintiff agree that remand to EPA of this challenged decision is
14 warranted and consistent with the principle that "[a]dministrative agencies have an inherent
15 authority to reconsider their own decisions, since the power to decide in the first instance carries
16 with it the power to reconsider," *Trujillo v. General Electric Co.*, 621 F.2d 1084, 1086 (10th Cir.
17 1980); *see also Lute v. Singer Co.*, 678 F.2d 844, 846 (9th Cir. 1982) (discussing *Trujillo*), and
18 that such remand will promote judicial economy without further expenditure of judicial or party
19 resources, *see Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993);

20     WHEREAS EPA and Plaintiff agree that a stay of this case is justified in light of the
21 principle that federal courts have inherent authority "to stay proceedings in the interest of saving
22 time and effort for [themselves] and litigants," *ATSA of Cal., Inc. v. Continental Ins. Co.*, 702
23 F.2d 172, 176 (9th Cir. 1983); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)
24 (explaining that the power to stay is "incidental to the power inherent in every court to control the
25 disposition of the causes on its docket with *economy of time and effort for itself, for counsel, and*
26 *for litigants.*") (emphasis added);

27
28

1     WHEREAS there have been no previous stays requested in this case and only one previous

2 extension of time granted to allow Plaintiff two additional weeks to file its summary judgment

3 motion after this case was transferred to this Court;

4     THEREFORE the parties hereby stipulate and jointly request that the Court grant the

5 parties' proposed stipulated order, a copy of which is attached to this stipulation and an electronic

6 copy of which will be emailed to the Court's chambers.

7

8                                     Respectfully submitted,

9 Dated:   January 18, 2008                RONALD J. TENPAS
                                            Assistant Attorney General
10                                       Environment & Natural Resources Division

11                                       /s/ Rochelle L. Russell
                                            ROCHELLE L. RUSSELL
12                                       Trial Attorney
                                      U.S. Department of Justice
13                                       Environment & Natural Resources Division
                                      Environmental Defense Section
14                                       P.O. Box 23986
                                      Washington, D.C. 20026-3986
15                                       *Counsel for Defendants EPA, Johnson,*
                                      *and Nastri*
16

17 OF COUNSEL:

18 Barbara E. Pace
Office of General Counsel
19 U.S. EPA
1200 Pennsylvania Ave., NW (2355A)
20 Washington, D.C. 20460

21 Gary Hess
EPA, Region IX
22 75 Hawthorne Street
San Francisco, CA 94105

23                                       /s/  Christopher Sproul
                                      CHRISTOPHER SPROUL
24                                       DREVET HUNT
                                      *Counsel for Plaintiff Klamath Riverkeeper*
25

26

27

28

**[PROPOSED] STIPULATED ORDER**

Based on the foregoing stipulation between the parties, the Court hereby orders:

1. The challenged agency action in this case is remanded to EPA for reconsideration;

2. The currently scheduled summary judgment briefing schedule and hearing dates are vacated and all proceedings in this matter shall be stayed ninety (90) days from the date of this stipulated order to allow EPA sixty (60) days to reconsider and issue a new decision concerning the microcystin toxin listing issue and to allow thirty (30) days for public comment on that listing decision;

3. Within thirty (30) days after the public comment period on that listing decision closes, the parties shall file a supplemental case management statement apprising the Court of the current status of this matter and the potential dismissal of the case.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____                    _____

                                                                    HON. WILLIAM H. ALSUP

## CERTIFICATE OF SERVICE

I certify that on January 18, 2008, a true and correct copy of the foregoing **STIPULATION AND [PROPOSED] ORDER TO REMAND THE CHALLENGED AGENCY DECISION, VACATE THE BRIEFING SCHEDULE, AND STAY THE CASE** was served electronically via the Court's e-filing system to Counsel of Record in <u>Klamath Riverkeeper v. EPA</u>, Case No. C 07-3908 WHA.

    /s/ Rochelle L. Russell
ROCHELLE L. RUSSELL