Daniel Cooper (State Bar No. 153576)
Drevet Hunt (State Bar No. 240487)
LAWYERS FOR CLEAN WATER, INC.
1004 A O'Reilly Avenue
San Francisco, California 94129
Telephone: (415) 440-6520
Facsimile: (415) 440-4155
e-mail: cleanwater@sfo.com, drev@lawyersforcleanwater.com

Christopher Sproul (State Bar No. 126398)
ENVIRONMENTAL ADVOCATES
5135 Anza Street
San Francisco, California  94121
Telephone:  (415) 533-3376
Facsimile:  (415) 561-2223(415) 358-5695
e-mail: csproul@enviroadvocates.com

Counsel for Plaintiff
KLAMATH RIVERKEEPER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KLAMATH RIVERKEEPER, a project of the Klamath Forest Alliance, a non-profit public benefit corporation organized under the laws of the State of California,<br><br>    Plaintiff,<br><br>        v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, STEPHEN L. JOHNSON, as Administrator of the United States Environmental Protection Agency, and WAYNE NASTRI, as Regional Administrator of the United States Environmental Protection Agency, Region 9,<br><br>    Defendants. | Case No. 3:07-cv-03908-WHA<br><br>**NOTICE OF SETTLEMENT, STIPULATED REQUEST FOR DISMISSAL WITH PREJUDICE AND [PROPOSED] ORDER**<br><br>Fed. R. Civ. P. 41(a)(1)(A)(ii)<br><br>Honorable William H. Alsup<br>Courtroom 9, 19th Floor |

1  PLEASE TAKE NOTICE that Klamath Riverkeeper and the United States Environmental Protection
2  Agency ("EPA") (collectively referred to as the "Parties") have settled the above–captioned action and
3  for the reasons below stipulate to the dismissal of this action with prejudice pursuant to Federal Rule of
4  Civil Procedure 41(a)(1)(A)(ii).

5      WHEREAS Klamath Riverkeeper filed a complaint, *Klamath Riverkeeper v. United States*
6  *Environmental Protection Agency*, Case No. C 07-3908 WHA (N.D. Cal.), on July 30, 2007,
7  challenging EPA's June 28, 2007 approval of the State of California's decision not to list the Klamath
8  River and its reaches that include the Iron Gate and Copco Dam reservoirs as impaired due to
9  Microcystis aeruginosa and microcystin toxin in the 2006 Clean Water Act Section 303(d) List of
10 Water Quality Limited Segments for California ("2006 303(d) List");

11     WHEREAS on January 22, 2008, the Court entered the Parties' proposed stipulated order to
12 remand the challenged microcystin toxin listing decision to EPA for reconsideration;

13     WHEREAS on March 13, 2008, EPA withdrew its prior approval of, and disapproved, the State
14 of California's decision not to include the "Klamath River HU, Middle HA, Oregon to Iron Gate"
15 segment of the Klamath River, which includes the Copco and Iron Gate Dam reservoirs, on the State's
16 2006 303(d) List as impaired due to elevated concentrations of microcystin toxin, and specifically
17 identified for inclusion on the State's 2006 303(d) List "microcystin toxins" as an additional cause of
18 impairment for the "Klamath River HU, Middle HA, Oregon to Iron Gate" segment;

19     WHEREAS on May 29, 2008, EPA, in light of public comments received, determined to revise
20 only the description of the segment of the Klamath River which EPA had identified in its March 13,
21 2008 decision as impaired due to microcystin toxin, and transmitted this listing decision to the State;

22     WHEREAS, in light of EPA's March 13, 2008 and May 29, 2008 decisions, the Parties agreed
23 to settle all claims alleged in the complaint against EPA by Klamath Riverkeeper as set forth in the
24 Settlement Agreement, attached hereto as Exhibit A;

25 //
26 //
27 //
28 //

1     NOW, THEREFORE, IT IS HEREBY STIPULATED by and between the Parties through their counsel that this action be and hereby is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A). The Parties shall abide by the Settlement Agreement.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____

    HON. WILLIAM H. ALSUP

Dated: <u>July 9, 2008</u>

    /s/
Drevet Hunt
Attorney for Plaintiff
KLAMATH RIVERKEEPER

Dated: <u>July 9, 2008</u>

/s/ Rochelle L. Russell
ROCHELLE L. RUSSELL
Attorney for Defendants
UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, STEPHEN JOHNSON, and WAYNE NASTRI

    I, Drevet Hunt, attest that the content of this document is acceptable to all persons required to sign this document.

Date: <u>July 9, 2008</u>

    /s/
Drevet Hunt
Lawyers for Clean Water, Inc.
Attorney for Plaintiff

# SETTLEMENT AGREEMENT

This Settlement Agreement, as of the Effective Date of this Agreement, as defined in Paragraph 7 below, is made and entered into between the United States of America ("United States"), on behalf of the United States Environmental Protection Agency; Stephen L. Johnson, as Administrator of the United States Environmental Protection Agency; and Wayne Nastri, as Regional Administrator of the United States Environmental Protection Agency, Region IX (collectively, "EPA"), and Klamath Riverkeeper, collectively referred to as "the Parties" herein.

WHEREAS Klamath Riverkeeper filed a complaint, *Klamath Riverkeeper v. United States Environmental Protection Agency*, Case No. C 07-3908 WHA (N.D. Cal.) ("*Klamath Riverkeeper*"), on July 30, 2007, challenging EPA's June 28, 2007 approval of the State of California's decision not to list the Klamath River and its reaches that include the Iron Gate and Copco Dam reservoirs as impaired due to *Microcystis aeruginosa* and microcystin toxin in the 2006 Clean Water Act Section 303(d) List of Water Quality Limited Segments for California ("2006 303(d) List");

WHEREAS on January 22, 2008, the court in *Klamath Riverkeeper* entered the Parties' proposed stipulated order to remand the challenged microcystin toxin listing decision to EPA for reconsideration;

WHEREAS on March 13, 2008, EPA withdrew its prior approval of, and disapproved, the State of California's decision not to include the "Klamath River HU, Middle HA, Oregon to Iron Gate" segment of the Klamath River, which includes the Copco and Iron Gate Dam reservoirs, on the State's 2006 303(d) List as impaired due to elevated concentrations of microcystin toxin, and specifically identified for inclusion on the State's 2006 303(d) List "microcystin toxins" as an additional cause of impairment for the "Klamath River HU, Middle HA, Oregon to Iron Gate" segment;

WHEREAS on May 29, 2008, EPA, in light of public comments received, determined to revise only the description of the segment of the Klamath River which EPA had identified in its March 13, 2008 decision as impaired due to microcystin toxin, and transmitted this listing decision to the State;

WHEREAS Klamath Riverkeeper, in light of EPA's March 13, 2008 and May 29, 2008 decisions, has agreed to dismiss with prejudice all claims alleged in its complaint against EPA in *Klamath Riverkeeper*;

WHEREAS Klamath Riverkeeper seeks to recover attorneys' fees and costs of litigation incurred in bringing the *Klamath Riverkeeper* matter, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d);

WHEREAS the Parties now desire to enter into this Settlement Agreement, without any admission of fact or law, which they consider to be a just, fair, adequate, and equitable resolution of the claims raised in *Klamath Riverkeeper*;

WHEREAS the Parties agree that it is in the interest of the public, the parties, and judicial economy to resolve *Klamath Riverkeeper*, including Klamath Riverkeeper's claims for attorneys' fees and costs, without protracted litigation;

NOW, THEREFORE, IT IS HEREBY AGREED that:

1.  <u>Dismissal with Prejudice</u>. Within ten (10) days of the effective date of this Settlement Agreement, Klamath Riverkeeper shall request dismissal with prejudice of the complaint, and all claims alleged therein, filed against EPA in *Klamath Riverkeeper* by stipulation with EPA pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii);

2.  <u>Fees and Costs</u>.

    a. Within ninety (90) days of the court's dismissal of Plaintiff's complaint pursuant to the parties' stipulation in Paragraph 1 above, EPA will pay Klamath Riverkeeper $65,459.20 in attorneys' fees and costs. Payment shall be made to Klamath Riverkeeper's counsel in the form of a single check payable to "Lawyers for Clean Water Attorney Client Trust Account" and shall be sent by overnight delivery to Lawyers for Clean Water, Inc., 1004 O'Reilly Avenue, San Francisco, CA 94129.

    b. Klamath Riverkeeper agrees that EPA's payment of $65,459.20 pursuant to Paragraph 2.a. constitutes full and final settlement of any and all claims for attorneys' fees or costs of litigation incurred by Klamath Riverkeeper in connection with the *Klamath Riverkeeper* action that Klamath Riverkeeper has asserted or could hereafter assert against the United States. Klamath Riverkeeper releases the United States, including EPA, from any claims regarding such fees and costs upon receipt of payment.

3.  <u>Effect of Settlement</u>.

    a. This Settlement Agreement constitutes full and final settlement of any and all claims raised in the *Klamath Riverkeeper* complaint, including any and all claims for attorneys' fees and costs. This Settlement Agreement also constitutes the entire Agreement between the Parties.

    b. This Settlement Agreement shall not constitute or be construed as an admission or adjudication by the United States or EPA of any question of fact or law with respect to any of the claims raised in *Klamath Riverkeeper*. Nor is it an admission of violation of any law, rule, regulation, or policy by the United States or EPA.

    c. This Settlement Agreement is without prejudice to, and the United States and EPA specifically reserve, any and all rights, claims, and defenses with respect to any other parties, claims, and actions not part of the *Klamath Riverkeeper* litigation.

    d. This Settlement Agreement shall not be admitted for any purpose in any proceeding without prior notice to and the express consent of the United States and EPA.

e.   This Settlement Agreement was negotiated between the United States and Klamath Riverkeeper in good faith and jointly drafted by the parties. Accordingly, the Parties hereby agree that any and all rules of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Settlement Agreement.

4.   Anti-Deficiency Act. Any obligations of EPA to obligate or expend funds under this Settlement Agreement are subject to the availability of appropriations in accordance with the Anti-Deficiency Act, 31 U.S.C. § 1341. This Settlement Agreement shall not be construed to require EPA to obligate or pay funds in contravention of said Anti-Deficiency Act, 31 U.S.C. § 1341.

5.   Choice of Law. This Settlement Agreement shall be governed and construed under the laws of the United States.

6.   Representative Authority. The individuals signing this Agreement on behalf of the parties hereby certify that they are authorized to bind their respective parties to this Agreement.

7.   Effective Date. The Effective Date of this Settlement Agreement shall be the date of the last signatory to the Settlement Agreement.

FOR KLAMATH RIVERKEEPER:

Dated: July 9, 2008

_____ FOR
CHRISTOPHER SPROUL
Environmental Advocates
5135 Anza Street
San Francisco, CA 94121
(415) 533-3376

_____
DANIEL COOPER
DREVET HUNT
Lawyers for Clean Water, Inc.
1004 O'Reilly Avenue
San Francisco, CA 94129
(415) 440-6520

FOR THE UNITED STATES:

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division

Dated: June 30, 2008

*Rochelle L. Russell*
ROCHELLE L. RUSSELL
United States Department of Justice
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
(202) 514-1950

OF COUNSEL:

BARBARA PACE
U.S. Environmental Protection Agency
Office of General Counsel
Mail Code 2355A
1200 Pennsylvania Avenue, N.W.
Washington, DC 20460

GARY HESS
Assistant Regional Counsel
U.S. Environmental Protection Agency
Region IX
75 Hawthorne St.
San Francisco, CA 94105